IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. WILLIAMS, EAV-804, ) <br> ) <br>     Plaintiff(s), ) <br> ) <br>   vs. ) <br> ) <br> CITY OF HAYWARD, et al., ) <br> ) <br>     Defendant(s). ) <br> _____ ) | No. C 10-1956 CRB (PR) <br><br> ORDER OF DISMISSAL |

     On May 6, 2010, while incarcerated at the Claremont Custody Center in Coalinga, California, plaintiff, a frequent litigant in this court, filed a pro se prisoner complaint for damages under 42 U.S.C. § 1983 alleging various instances of harassment/retaliation by City of Hayward police officers.

     On September 7, 2010, the court noted that plaintiff had filed additional pleadings suggesting that he wished to allege additional claims and name additional defendants, and dismissed the complaint with leave to amend to incorporate all allegations and defendants into one complaint. The court explained that the amended complaint would supersede the original complaint and all other earlier pleadings; claims and defendants not included in the first amended complaint would not be considered by the court. Sept. 7, 2010 Order at 2 (citing King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987)).

1On September 16, 2010, plaintiff filed a document titled First Amended Complaint (FAC). But the document is simply a compilation of copies of personnel complaints plaintiff has filed with the Hayward Police Department.

On November 23, 2010, the court noted that the FAC would not do because "a complaint must contain a short and plain statement of the grounds for the court's jurisdiction; a plain and short statement of the claim(s) showing that plaintiff is entitled to relief; and a demand for the relief sought." Nov. 23, 2010 Order at 2 (citing Fed. R. Civ. P. 8(a)). Plaintiff was afforded "a final opportunity" to file a "proper amended complaint." Id.

On December 8, 2010, plaintiff filed a document titled Second Amended Complaint (SAC). But it again is deficient because it does not contain a demand for the relief sought, despite plaintiff having been specifically advised by the court to include such demand in the SAC.

Under these circumstances, the SAC will be dismissed without leave to amend. But in the interest of justice, the dismissal is without prejudice to plaintiff filing a new action.

The clerk shall close the file and enter judgment in accordance with this order.

SO ORDERED.

DATED: May 6, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.10\Williams, R2.dismissal.wpd